IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tyrone Singletary, ) | Civil Action No.:2:14-cv-3566-RMG-MGB |
| ) | |
| Petitioner, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | **OF MAGISTRATE JUDGE** |
| ) | |
| Warden, Kirkland Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |

   The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt. No. 25; see also Dkt. No. 24.)

   Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Court.

   The Petitioner brought this habeas action on September 4, 2014. (See Dkt. No. 1 at 18 of 18; Dkt. No. 1-2 at 1 of 2.) On January 14, 2015, Respondent filed a Motion for Summary Judgment. (Dkt. No. 25; see also Dkt. No. 24.) By order filed January 15, 2015, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 26.) Petitioner filed a Response in Opposition to the Motion for Summary Judgment on or about February 17, 2015. (Dkt. No. 29.)

**PROCEDURAL HISTORY**

   The Petitioner is currently confined at Kirkland Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In September of 2004, the Lee County Grand Jury indicted Petitioner on the following counts: rioting, assaulting a correctional officer, carrying

or concealing a weapon by an inmate of a correctional facility, inciting to riot, and two counts of taking a hostage. (See R. at 1014-16.) Petitioner was represented at trial by Bryan Doby, Esquire. (See R. at 1, 11.)[1] Petitioner and his co-defendant proceeded to a jury trial before the Honorable Thomas W. Cooper, Jr. (See R. at 1-929.) The jury convicted Petitioner as charged, and Judge Cooper sentenced Petitioner to life without parole on each count of taking a hostage; ten years for rioting; five years for assaulting a correctional officer; ten years for carrying and concealing a weapon by an inmate of a correctional facility; and ten years for inciting to riot. (R. at 926-28.) The sentences for assaulting a correctional officer, carrying and concealing a weapon by an inmate of a correctional facility, and the two counts of taking a hostage run consecutive to the sentence Petitioner was serving at the time of sentencing but concurrent to all other sentences. (R. at 926-28.) The sentences for rioting and inciting to riot run concurrent to all other sentences. (R. at 926-28.)

Petitioner appealed and was represented by Eleanor Duffy Cleary, Esquire, of the South Carolina Commission on Indigent Defense. (See Dkt. No. 24-1.) In an Anders[2] brief filed on April 4, 2007, Petitioner raised the following issue:

> The trial judge erred in admitting a video depiction of the prison dorm taken after the riot and showing the damage, because the video was highly inflammatory and its probative value was outweighed by its prejudicial value.

(Dkt. No. 24-1 at 4 of 12.) Ms. Cleary also filed a petition to be relieved as counsel. (Id. at 10-11 of 12.) Petitioner filed a *pro se* response, wherein Petitioner raised the following issues (verbatim):

> The appellant states he was denied due process by several separate comments the prosecutor made to the jury during closing argument which was improper.
>
> The appellant states his confrontation right was violated under the Confrontation Clause, when co-defendant incriminating audio/tape recording was introduced into evidence.

---

[1] Attorney Clifford Scott represented Petitioner's co-defendant, Jacob Lynch. (R. at 1, 11.)

[2] Anders v. California, 386 U.S. 738 (1967).

2

(Dkt. No. 24-2 at 9 of 23.) In an unpublished opinion filed on September 5, 2008, the South Carolina Court of Appeals dismissed the appeal and granted counsel's motion to be relieved. (Dkt. No. 24-3.) The remittitur was issued on September 23, 2008. (Dkt. No. 24-4.)

Petitioner filed an application for post-conviction relief ("PCR") on May 4, 2009, wherein he raised various claims of ineffective assistance of counsel. (R. at 943-52.) Specifically, Petitioner alleged as follows (verbatim):

> 1. Trial counsel was ineffective when he failed to object to several separate comments by the prosecutor during closing arguments. . . .
>
> 2. Trial counsel rendered ineffective assistance during trial when he failed to object to a incriminating audio/tape recording by applicant co-defendant J.J. Lynch, which raise the issue of a confrontation clause violation. . . .
>
> 3. Trial counsel was ineffective by failing to request a mistrial when forensic document examiner of handwriting read applicant un-redacted version of self incriminating statement to jury members . . . .
>
> 4. Trial counsel was ineffective by failing to object to applicant incriminating statement that was being introduced into evidence which applicant content his Fifth Amendment and Sixth Amendment right were violated . . . .
>
> 5. Trial counsel was ineffective by failure to object to a admitting video depiction of the prison dorm taken after the riot and damage, because the video was highly inflammatory and it probative value was outweighed by its prejudicial value . . . .

(R. at 951-52.)

On September 20, 2012, an evidentiary hearing was held before the Honorable W. Jeffrey Young. (R. at 958-1004.) Petitioner was present and represented by Louis H. Lang, Esquire. (See R. at 958.) In an order dated November 1, 2012, Judge Young denied the application for post-conviction relief and dismissed the petition. (R. at 1005-12.)

Petitioner, through his attorney Susan B. Hackett of the South Carolina Commission on Indigent Defense, filed a <u>Johnson</u> Petition for Writ of Certiorari on August 23, 2013. (See Dkt. No. 24-5.)[3] Through counsel, Petitioner raised the following issue:

> In violation of Petitioner's right to the effective assistance of counsel pursuant to the Sixth Amendment of the United States Constitution, trial counsel failed to object to and/or move for a mistrial based upon the solicitor's improper closing argument where the solicitor informed the jury that the co-defendant's statement to a television report implicated the co-defendant and others in the hostage-taking.

(Dkt. No. 24-5 at 3 of 17.) Ms. Hackett also filed a petition to be relieved as counsel. (Dkt. No. 24-5 at 16 of 17.) Petitioner filed a *pro se* response to the <u>Johnson</u> petition, wherein he raised the following issue (verbatim):

> In violation of Petitioner's right to the effective assistance of counsel pursuant to the Sixth Amendment of the United States Constitution, trial counsel failed to object to an incriminating audio/tape recording by Petitioner co-defendant Mr. Jacob Lynch which raise the issue of a Confrontation Clause violation.

(Dkt. No. 24-6 at 2 of 9.)

In an order dated August 21, 2014, the Supreme Court of South Carolina denied the petition for a writ of certiorari and granted counsel's request to withdraw. (Dkt. No. 24-7.) The matter was remitted to the lower court on September 8, 2014. (Dkt. No. 24-8.)

On July 11, 2013, while review of Petitioner's first application for PCR was pending in the South Carolina Supreme Court, Petitioner filed a second application for post-conviction relief. (See Dkt. No. 24-9.) Therein, Petitioner attempted to raise additional allegations of ineffective assistance of counsel. (Dkt. No. 24-9.) On October 17, 2013, Respondent filed a Motion to Dismiss, asserting, *inter alia*, that the application was time-barred and was successive. (See Dkt. No. 24-10.) Judge James signed a Conditional Order of Dismissal on October 22, 2013, and Judge Cothran signed a Final Order of Dismissal on June 24, 2014. (Dkt. No. 24-11; Dkt. No. 24-12.)

---

[3] See <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988).

On September 4, 2014, Petitioner filed the instant habeas petition, wherein he raised the following grounds for review (verbatim):

**Ground One**: In violation of Petitioner's right to the effective assistance of counsel pursuant to the Sixth Amendment of the United States Constitution, trial counsel failed to object to and/or move for a mistrial based upon the solicitor's improper closing argument where the solicitor informed the jury that the co-defendant's statement to a television report implicated the co-defendant and others in the hostage-taking.

**Ground Two**: Trial counsel rendered ineffective assistance during trial when he fail to object to incriminating audio/tape recording by applicant co-defendant J. Lynch which raise the issue of Confrontation Clause violation.

(Dkt. No. 1 at 7, 9 of 18.)

## APPLICABLE LAW

**Summary Judgment Standard**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

**Habeas Standard of Review**

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C.

§ 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)).

## DISCUSSION

As noted above, Respondent seeks summary judgment in the instant case. (See Dkt. No. 25; see also Dkt. No. 24.) For ease of discussion, the undersigned addresses the grounds for relief out of order.

### A.     Ground Two

In Ground Two, Petitioner contends that trial counsel rendered ineffective assistance when he failed "to object to incriminating audio/tape recording by applicant co-defendant J. Lynch which raise the issue of Confrontation Clause violation." (Dkt. No. 1 at 9 of 18.) The PCR court addressed this claim as follows:

> Applicant alleged that Counsel was ineffective for not objecting to the admission of an audio tape of Applicant's co-defendant being interviewed by a local newscaster, Craig Melvin (hereinafter "Craig Melvin recording"). Applicant

6

> did not speak on this recording, but he alleged that he was prejudiced by Counsel's failure to object [to] its admission into evidence. However, Applicant acknowledged that Counsel did move to suppress the Craig Melvin recording during pre-trial motions for which he was present on November 18, 2005 before Judge Cooper.
>       Counsel testified that he, along with co-defendant's counsel, made a joint motion to suppress the Craig Melvin recording. Counsel stated that Judge Cooper denied the motion to suppress, but ruled that the recording needed to be redacted to remove any reference to Applicant. Counsel testified that such redactions were made prior to the recording being published to the jury. Counsel stated that his overall trial strategy was to minimize Applicant's involvement in the incident and show the jury that Applicant's co-defendant was the more culpable party. Counsel felt that the Craig Melvin recording was a good example of this and that he did not think the tape was prejudicial to his client in its redacted form.
>       In regards to this allegation of ineffective assistance of counsel, this Court finds that Counsel's performance was reasonable and effective. Counsel moved to suppress the Craig Melvin recording, and once this motion was denied, the recording was redacted to remove any reference to Applicant. Additionally, this Court finds that the Applicant has failed to establish any prejudice resulting from plea [sic] counsel's alleged ineffective assistance of counsel. Therefore, this Court finds that this allegation of ineffective assistance of counsel must be denied and dismissed.

(R. at 1010-11.)

The United States Supreme Court has said that a meritorious ineffective assistance of counsel claim must show two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687-96 (1984). A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985).  In order to establish the second prong of Strickland, "[t]he

7

defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id. While Strickland itself is a deferential standard, when both § 2254(d) and Strickland apply, "review is doubly" deferential. Harrington v. Richter, 562 U.S. 86, 105 (2011). Indeed, when § 2254(d) applies, "[t]he question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington, 562 U.S. at 105.

Petitioner is not entitled to habeas relief on Ground Two. At the pretrial motions hearing on November 18, 2005, Judge Cooper noted that counsel for both defendants had filed a motion to exclude any statements made to Mr. Melvin. (R. at 93.) When Judge Cooper asked Petitioner's counsel of his position, however, counsel stated, "Your Honor, it is my understanding that my client is not–did not speak with Mr. Melvin, so I don't know that I've got a position in that regard." (R. at 95.) Regardless of whether Petitioner's counsel sought to suppress the recording, counsel for Petitioner's co-defendant did object but was overruled. (See R. at 623-24, 967-68.) In any event, the recording was redacted to remove any reference to the Petitioner. (See R. at 1010, 999, 968.) Furthermore, as the PCR court noted, counsel testified at the PCR hearing that his strategy at trial was to minimize Petitioner's involvement and show that Petitioner's co-defendant was the "ringleader." (R. at 1010, 991-93.) PCR counsel also testified that as to the recording made by Mr. Melvin, Petitioner's co-defendant "made certain statements on there that assisted us in at least trying to further the defense that [Petitioner] was not involved or lessened his involvement because Mr. Lynch['s] primary statements were that he had done those things." (R. at 993.)

If counsel did in fact object to the video, he cannot be deemed ineffective in failing to object. See Mason v. Allen, 605 F.3d 1114, 1121 (11th Cir. 2010) ("To the extent that Mason argues that the State failed to advise him of his Miranda rights, we find this claim refuted by the

record. Accordingly, we cannot say that the state court's ruling on the legality of his confession is contrary to or an unreasonable application of clearly established federal law."); cf. Schriro v. Landrigan, 550 U.S. 465, 474 (2007) ("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing.").

Even if Petitioner's counsel did not object, Petitioner is not entitled to habeas relief. As noted above, counsel testified that the recording did not identify Petitioner, and in any event, supported counsel's trial strategy.[4] Respondent is therefore entitled to summary judgment as to Ground Two. See Strickland, 466 U.S. at 690 ("[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable . . . ."); Meyer v. Branker, 506 F.3d 358, 374 (4th Cir. 2007) ("Holding that such a reasoned determination constituted objectively unreasonable performance would be worse than folly: it would essentially require capital defense counsel to present evidence of remorse, even if, in their considered judgment, the evidence would affirmatively hurt their defendant's case. Strickland does not require any such outcome.").[5]

---

[4] Petitioner appears to argue in his Response that counsel's strategy was flawed since only Petitioner and Lynch were on trial. (See Dkt. No. 29 at 4 of 9.) However, Petitioner himself points to evidence that other inmates were involved. (See id.; see also R. at 503, R. at 587-89.)

[5] The undersigned further notes that Petitioner cannot show prejudice from any failure to object, given that Petitioner's confession–unrelated to the Melvin recording–was admitted. Although counsel sought to have this statement suppressed, that motion was denied. (R. at 90-92.) Petitioner's statement was introduced at trial; his statement was read into the record as follows:
> On October 29th, 2003, Officer Cotton was feeding in Chesterfield Unit. Inmate Tyrone Singletary took Officer Cotton hosilty, h-o-s-i-l-t-y, in Chesterfield Unit. I did stab Officer Cotton, but I do not know where. This incident was never to get out of hand.
> The reason why this happened because Officer Cotton was doing things that was not justified as a officer along with other things. Inmates that name was on those letter was not involved. Everybody else had nothing to do with this incident.
> There was also two inmate that was helping Cotton stay alive. Their name is Chestnut and Johnson. They were helping Cotton. Also Robinson and Clark and Dicks had nothing to do with this incident and should be let go.
> This incident would not have come to this if something was done about Cotton ways and action. Officer Cotton was bring in drugs to different inmates and also got another inmate stabbed in Chesterfield as well as he.

**B.  Ground One**

Petitioner contends in Ground One that trial counsel was ineffective in failing "to object to and/or move for a mistrial based upon the solicitor's improper closing argument where the solicitor informed the jury that the co-defendant's statement to a television report implicated the co-defendant and others in the hostage-taking." (Dkt. No. 1 at 7 of 18.) The PCR court addressed this claim as follows:

> Applicant asserted that Counsel was ineffective because he did not object to the solicitor's use of the word "we" during the State's closing arguments. At the evidentiary hearing, Applicant testified that Counsel should have objected to the following passages of the State's closing argument:
>
> "And then we have Craig Melvin. And Craig Melvin testified that, yeah, I stand in there in the door and I seen this coming down, and he–he interviewed Lynch after the situation had ended. And you heard that. You heard that–that tape. It's State's Exhibit Number 10. And you will have it back there and you can hear it. What does it say? Yeah, we took a hostage. Yeah, I took a hostage." Trial Tr. 870 ln. 17-25.
>
> "The audio tape that we talked about, that is State's Exhibit Number 10. What's it say? Yeah, I took–I took some hostages. We took hostages. The video–the videotape which you will be allowed to see in its entirety if you like–I showed excerpts of it yesterday, but it can be cued up and you can watch any part of it you wish." Trial Tr. 872 ln 22 – 873 ln 3.
>
> Applicant testified that Counsel should have objected to these portions of the State's closing argument, as these were statements of his co-defendant that wrongly implicated him by the use of "we" references. Applicant elaborated that he was prejudiced by this, as it indicated his involvement since he and his co-defendant were the only two people at trial.
>
> Counsel testified that he did not object to these passages of the State's closing argument, as he did not think these comments were objectionable or prejudicial to his client. Additionally, counsel stated that these passages reference comments made by Applicant's co-defendant that were inflammatory towards co-defendant, as he accepted responsibility for the incident and suggested that Applicant played a minor role. Counsel also stated that he did not feel that the

---

Officer Cotton is also into gay inmate and things and he bring them drugs, watch, money, sunglasses and et cetera. This is the end of my statement.
(R. at 475-76.)

10

> State's closing argument was objectionable or prejudicial as a whole. Counsel testified that it is his general practice to object to closing arguments of opposing counsel if he feels that his client is prejudiced.
>
> In regards to this allegation of ineffective assistance of counsel, this Court finds that Counsel's performance was reasonable and effective. Counsel testified that in his professional opinion, he did not think that these passages from the State's closing argument were objectionable or prejudicial to his client. Additionally, this Court finds that the Applicant has failed to establish any prejudice resulting from plea [sic] counsel's alleged ineffective assistance of counsel. Therefore, this Court finds that this allegation of ineffective assistance of counsel must be denied and dismissed.

(R. at 1008-09.)

The undersigned recommends granting summary judgment to Respondent as to Ground One. As noted by the PCR court, counsel testified at the PCR hearing that he did not believe the solicitor's commends were "that prejudicial" and that "a lot of times at trial you have to weigh what you object to because when you stand up and object the jury is sometimes drawn greater attention to those statements . . . ." (R. at 1001.) Counsel further testified that he did not believe the solicitor's statements were prejudicial to Petitioner because "the jury obviously saw the statement and saw the video apparently and saw it twice. And so, you know, [the solicitor's] characterization of what's on that statement I think it's probably less important to what's on the statement or what's on the video." (R. at 1002.) Petitioner has not shown that he is entitled to federal habeas relief on this claim; counsel articulated a valid trial strategy for not objecting to the solicitor's statements, and in any event, the video itself was already in evidence. Respondent's motion should therefore be granted. See Evans v. Thompson, 881 F.2d 117, 125 (4th Cir. 1989) (no habeas relief on the petitioner's claim that counsel was ineffective in failing to object to the prosecution's assertion that he was a multiple murderer where "[d]efense counsel testified that he chose not to object to the prosecutor's argument because he felt an objection would only have emphasized the matter before the jury"); Curry v. Warden, No. 6:07-2933-HFF-WMC, 2008 WL 3887648, at *11 (D.S.C. Aug. 21, 2008) (finding the petitioner was not entitled to habeas relief

11

on claim of ineffective assistance of counsel for failure to object to prosecutor's statement in closing argument where, *inter alia*, counsel testified as to his strategic reasons for not objecting); see also Hansford v. Angelone, 244 F. Supp. 2d 606, 613 (E.D. Va. 2002) ("Constitutionally effective assistance does not require the assertion of every possible valid objection. Indeed, it is frequently better to remain silent rather than to draw attention to the matter." (internal quotation marks and citations omitted)); Roberts v. Bowersox, 61 F. Supp. 2d 896, 911-13 (E.D. Mo. 1999) (petitioner failed to demonstrate prejudice from counsel's failure to object to prosecutor's "references to petitioner's sexual abuse of family members, conduct in kindergarten, jailhouse fight involvement, and car dealership burglary" where "[t]he evidence regarding petitioner's prior bad acts had mainly been introduced by petitioner in an effort to show that he suffered from a mental disease or defect which precluded him from forming the requisite mental state"; the court noted that the "information was not new to the jury and therefore[] was not so prejudicial as to affect the outcome of the trial").[6]

---

[6]The undersigned notes Petitioner's argument in his Response in Opposition that "it is not trial counsel's duty to come out and admit his client's guilt as a trial strategy." (Dkt. No. 29 at 4.) Petitioner points to counsel's opening statement, wherein counsel stated, *inter alia*,

> AND I'M GOING TO SIMPLIFY IT A LITTLE BIT AND MAKE IT A LITTLE BIT EASIER BECAUSE I'M GOING TO TELL YOU THAT TYRONE STABBED OFFICER COTTON. HE HAD A SHANK. HE STABBED OFFICER COTTON.
> FROM TYRONE'S PERSPECTIVE AND MY JOB IS TO ESSENTIALLY TEST AND TO HAVE YOU DECIDE WHETHER TYRONE IS GUILTY OF THE REST OF THE THINGS THAT THEY HAVE BEEN CHARGED WITH, BECAUSE THAT'S ALL IT IS RIGHT NOW IS A CHARGE.

(R. at 263.) To the extent Petitioner argues that trial counsel was ineffective in admitting guilt as to certain charges, Petitioner did not exhaust any such claim in state court, and any such claim is therefore defaulted.

## **CONCLUSION**

It is RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 25) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. It is further RECOMMENDED that a certificate of appealability be denied.[7]

IT IS SO RECOMMENDED.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 16, 2015
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[7] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).